NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MELISSA AHMED,  :  | **Hon. Dennis M. Cavanaugh** |
| Plaintiff,  : | **OPINION** |
| v.  : | Civil Action No. 05-1929 (DMC) |
| UNITED STATES OF AMERICA,  : | |
| Defendant.  : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendant United States of America ("Defendant") to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12 (b)(1). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties and based upon the following, it is the finding of this Court that Defendant's FED. R. CIV. P. 12 (b)(1) motion to dismiss is **granted**.

I.   BACKGROUND

This case arises out of an automobile accident that occurred on June 4, 2003, involving Plaintiff Melissa Ahmed and Defendant Ezell Green, Jr., an agent of the Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("DHS").

On July 28, 2003, Plaintiff filed a completed Standard 95 Form for damage, injury or death administrative claim pursuant to the requirements of the Federal Tort Claims Act ("FTCA"). Plaintiff lacked information regarding the appropriate agency with which to file the form, so Plaintiff filed it with the United States Department of Justice, Civil Division, Torts Branch ("DOJ"). On

August 14, 2003, the Claim was returned to Plaintiff, advising her that it was not filed because the form did not identify the agency involved.

On September 28, 2004, Plaintiff resubmitted her claim to the DOJ, although she was still unaware of which agency employed Green. On October 26, 2004, the DOJ mailed Plaintiff a letter advising that the claim was being transferred to DHS and further communication should be submitted to that agency.  At that time, the DOJ acknowledged receipt of the resubmission as of October 4, 2004.

On April 12, 2005, Plaintiff filed a Complaint pursuant to the FTCA in this Court.  On July 28, 2005, the DHS denied the claim.

## II.     STANDARD OF REVIEW: MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1)

Upon a FED. R. CIV. P. 12(b)(1) motion addressing the existence of subject matter jurisdiction over a plaintiff's complaint, "no presumptive truthfulness attaches to a plaintiff's allegations." Martinez v. U.S. Post Office, 875 F. Supp. 1067, 1070 (D. N.J. 1995) (citing Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)).  "Accordingly, unlike a Rule 12(b)(6) motion, consideration of a FED. R. CIV. P. 12(b)(1) jurisdiction-type motion need not be limited; conflicting written and oral evidence may be considered and a court may 'decide for itself the factual issues which determine jurisdiction.'" Id. (citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).  "When resolving a factual challenge, the court may consult materials outside the pleadings, and the burden of proving jurisdiction rests with the plaintiff." Med. Soc'y of N.J. v. Herr, 191 F. Supp. 2d 574, 578 (D. N.J. 2002) (citing Gould Elecs. Inc. v. United States, 220 F.3d 169, 176, 178 (3d Cir. 2000)).  "Where an attack on jurisdiction implicates the merits of plaintiff's [F]ederal cause of action, the district court's role

in judging the facts may be more limited." Martinez, 875 F. Supp. at 1071 (citing Williamson, 645 F.2d at 413 n.6).

### III. DISCUSSION

Pursuant to 28 U.S.C. § 2675(a),

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death, caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). Further, 28 C.F.R. § 14.2 (b)(1) states that

> [w]hen a claim is presented to any other Federal agency, that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer. If the transfer is not feasible the claim shall be returned to the claimant. The fact of transfer shall not, in itself, preclude further transfer, return of the claim to the claimant or other appropriate disposition of the claim. A claim shall be presented as required by 28 U.S.C. §2401(b) as of the date it is received by the appropriate agency.

28 C.F.R. §14.2 (b)(1).

In the current case, Plaintiff was unaware of the appropriate agency with which to file her claim. Instead of locating the appropriate agency, Plaintiff filed her claim with the DOJ. The DOJ returned Plaintiff's original Complaint and Plaintiff refiled it with the DOJ. On October 26, 2004, the DOJ acknowledged receipt of the resubmission as of October 4, 2004 and informed Plaintiff that the claim was forwarded to the DHS. More than six months after the resubmission, having received no written denial of her administrative claim, Plaintiff exercised her option to treat the claim as denied and filed suit on April 12, 2005.

Defendant alleges that, pursuant to § 2675(a), the six month period did not begin to run until October 26, 2004.  Defendant, therefore, contends that the filing dated April 12, 2005 was premature and instead the proper date for filing the Complaint was April 26, 2005.  Defendant contends that Plaintiff defied the requirements of § 2675(a) by not filing the Complaint at the proper time and improperly obtaining the reinstatement of the premature Complaint.

In Johnson v. United States, the plaintiffs were injured as a result of a car accident with an employee of the Department of Commerce's Weather Bureau. See 404 F.2d 22 (5th Cir. 1968). The Court held that a filing with the General Services Administration was insufficient to state a claim because, pursuant to 28 U.S.C. § 2401, the Department of Commerce was the proper agency with which to file a claim.

Similarly, in this case, Plaintiff's claim was not received by the appropriate agency until at least October 26, 2004. 28 C.F.R. § 14.2 (b)(1) provides that "a claim shall be presented as required by 28 U.S.C. § 2401(b) as of the date it is received by the appropriate agency." The Plaintiff must wait six months from the date the appropriate agency received the claim before filing a complaint.  Since this Court determined that the proper date of filing was April 26, 2005, the filing of Plaintiff's Complaint on April 12, 2005 was premature and, therefore, does not effect service of process. Plaintiff has not filed a Complaint at the proper time, nor has she obtained a reinstatement of the premature Complaint. Accordingly, this Court dismisses the Complaint for lack of subject matter jurisdiction.

**IV.   CONCLUSION**

For the reasons stated, it is the finding of this Court that Defendants motion to dismiss for

lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) is **granted.**  An appropriate

Order accompanies this Opinion.

                                          S/ Dennis M. Cavanaugh
                                          Dennis M. Cavanaugh, U.S.D.J.

Date:        November 2, 2007
Orig.:       Clerk
cc:          All Counsel of Record
             Hon. Mark Falk, U.S.M.J.
             File